IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEREMY MARKS

v.                              : Civil Action No. DKC 13-0347

STANISLAV LICUL, et al.

## MEMORANDUM OPINION

Presently pending and ready for review in this breach of fiduciary duty case are four motions. First, the parties filed a joint request to stay the case. (ECF No. 40). Second, Defendant Maxtena, Inc. ("Maxtena") moves to stay the deadline to amend the pleadings. (ECF No. 38). Third, Plaintiff Jeremy Marks filed a motion for certification of this court's July 24, 2013 order as a final judgment pursuant to Federal Rule of Civil Procedure 54(b). (ECF No. 32). Fourth, Defendant Maxtena moves for a partial seal of some pleadings and exhibits. (ECF No. 33). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motions to stay the case and certify the judgment as final will be granted. The motion to stay the amendment deadline will be denied as moot. The motion for a partial seal will be granted in part and denied in part.

## I. Background

The background of this case is set forth in the Memorandum Opinion of July 24, 2013, (ECF No. 29), and need not be set forth in as great detail here. Plaintiff is the co-founder of Maxtena, and served as an officer, director, and employee from 2006 until July 2010, whereupon his employment with the company was terminated. Maxtena brought suit against Marks in this court for violations of his fiduciary duty and sought a declaration that Maxtena is the rightful owner of Marks's shares in the company. (*Maxtena v. Marks*, DKC-11-945). The parties agreed to a stay in that case in order to conduct an initial period of financial and valuation discovery, followed by an exchange of expert reports on Maxtena's valuation, and finally a court-supervised mediation.

In the present case, Marks alleges that Maxtena conspired with the Maryland Venture Fund ("MVF"), a Maryland state agency, to engineer a venture capital investment that valued Maxtena artificially low, in order to give Maxtena a stronger position in the *Maxtena v. Marks* mediation. Additionally, Marks alleges that Maxtena and its directors conspired with MVF – through its employee Thomas Dann – to engineer an employee stock option grant which could greatly dilute Marks's interest in the company. On February 1, 2013, Marks brought this action against Maxtena; its directors Stanislav Licul, Nathan Cummings, and

Carlo DiNallo; and Dann, an MVF employee who was subsequently appointed to Maxtena's Board of Directors. (ECF No. 1). Plaintiff alleges that MVF's investment and the employee stock option grant were approved either without undertaking the valuations and independent appraisals expected of such deals or by seeking ratification from the minority shareholders. Count I asserts a breach of fiduciary duty claim against Licul, Cummings, and DiNallo, based on their alleged roles in orchestrating and approving the MVF investment and stock option grant. Count II alleges a breach of fiduciary duty against Dann based on his approval of the stock option grant as a member of Maxtena's Board of Directors. Count III asserts a claim against Dann for "aiding and abetting breach of fiduciary duty" based on his role in "orchestrat[ing] and execut[ing]" the MVF investment. (ECF No. 1 ¶¶ 106-11).

On March 21, 2013, Dann filed a motion to dismiss the claims in Counts II and III pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 21). On July 24, 2013, the court granted Dann's motion, concluding that Plaintiff had not alleged facts sufficient to demonstrate that Dann – an employee of the State of Maryland – was not entitled to immunity under the Maryland Tort Claims Act ("MTCA"). Md. Code Ann., State Gov't § 12-104; Md. Code Ann., Cts & Jud. Proc § 5-522. Specifically, Marks's complaint did not plausibly allege that

Dann acted either maliciously or outside the scope of his public duties as required for a state employee to lose individual immunity for his allegedly tortious acts. (ECF No. 29, at 22-38). Counts II and III of Plaintiff's complaint were dismissed, resulting in the dismissal of Dann as a defendant.

On August 5, 2013, Plaintiff filed a motion to certify the court's July 24, 2013 order dismissing Dann as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. (ECF No. 32). Dann filed an opposition on August 15, 2013, (ECF No. 35), to which Plaintiff replied on September 3, 2013. (ECF No. 37).

On August 5, 2013, the parties jointly submitted a request to stay the proceedings in this case. (ECF No. 40).[1] The parties request did not cover Plaintiff's motion to certify the July 24, 2013 Order as a final judgment.

On August 8, 2013, Defendant Maxtena filed a motion to seal the pleadings and exhibits partially. (ECF No. 33). Marks objected in part on August 26, 2013, (ECF No. 36), to which Maxtena replied on September 12, 2013. (ECF No. 39).

---

[1] The letter was originally submitted directly to the undersigned and not through the Clerk's office. Consequently, it was not placed on the docket. The parties re-sent the letter to the Clerk's office requesting it be placed on the docket on September 13, 2013.

On September 10, 2013, Defendants filed a motion to extend the Scheduling Order's deadline to amend the pleadings, contingent on the outcome of the motion for a stay.[2]

## II. Joint Motion for a Stay & Defendants' Motion to Stay

The court will grant the parties' joint request for a stay. This stay can be lifted by order of the court on its own initiative or in response to a motion of any party. Defendants' motion to extend the Scheduling Order's deadline to amend the pleadings is therefore rendered moot.

## III. Motion for Rule 54(b) Certification

Rule 54(b) provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Because of the importance of preventing piecemeal appeals of a case, a "Rule 54(b) certification is recognized as the exception rather than the norm." *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993) (citation omitted). Furthermore, "it is settled that certification of a judgment as to a claim or party in a multi-claim or multi-party suit is disfavored in the [United States Court of Appeals for

---

[2] The Scheduling Order set September 9, 2013 as the deadline for the parties to move to amend their pleadings. (ECF No. 31).

the] Fourth Circuit." *Bell Microproducts, Inc. v. GlobalInsync, Inc.*, 20 F.Supp.2d 938, 942 (E.D.Va. 1998).

To make a proper Rule 54(b) certification, a district court must take two steps:

> First, the district court must determine whether the judgment is 'final' . . . in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action[,] [and]
>
> Second, the district court must determine whether there is no just reason for the delay in the entry of judgment.

*MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010) (*quoting Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980); *Braswell Shipyards*, 2 F.3d at 1335) (quotation marks omitted). The Fourth Circuit has explained that, in making this case-specific determination, the district court should consider the following factors if applicable:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*MCI Constructors*, 610 F.3d at 855 (*quoting Braswell Shipyards*, 2 F.3d at 1335-36).  To qualify as a "final judgment," "[i]t must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright*, 466 U.S. at 7 (*quoting Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

Here, the dismissal of the complaint as to Dann constitutes a final judgment.  Thus, the remaining question is whether "there is no just reason for delay."  Fed.R.Civ.Pro. 54(b).  In making such a determination, the court "must take into account judicial administrative interest as well as the equities involved."  *Curtiss-Wright*, 446 U.S. at 8.  As the Supreme Court has cautioned, Rule 54(b) certification is not something to be granted lightly, but a "remedy [that] should be reserved for the infrequent harsh case."  *Id.* at 5.  "The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification."  *Braswell Shipyards*, 2 F.3d at 1335.

Marks, in support of certification, argues that once the factors described above are considered, there is no just reason for delay.  According to Marks, the statutory immunity determination that resulted in Dann's dismissal "is an issue

7

completely separate and distinct from the remaining unadjudicated claims." (ECF No. 32, at 4). As no other Defendant is a government employee, the applicability of the MTCA will not be an issue such that "there is no risk that further proceedings in the district court might affect the court's holding on this issue or cause the issue to be presented to the appellate court for a second time." (*Id.* at 4-5). Marks further contends that the issue of Dann's immunity will not be mooted by further proceedings, as Marks has asserted an independent breach of fiduciary duty by Dann, in addition to aiding and abetting the other Defendants' breaches of fiduciary duty. (*Id.* at 5). Finally, certifying the judgment as final and allowing an appeal would promote judicial economy by avoiding the possibility that an appellate court would find that Dann did not enjoy immunity only after the entire case is adjudicated. Such an outcome would force the parties to return to the district court and begin litigation again on Dann's alleged aiding and abetting of the other Defendants' breaches of fiduciary duty, breaches that would have already been litigated. Finally, in the present situation, the parties have agreed to stay, meaning that an appeal will not delay the case. (*Id*. at 5-6).

Dann, in his opposition, disagrees with Marks's contentions. First, Dann submits that an immediate appeal of

the judgment as to him runs a high risk of duplicative appeals given that the parties in this case have agreed to stay the proceedings pending the outcome in *Maxtena v. Marks*. If Maxtena were to prevail, "the instant case will be mooted because the factual and legal premises for plaintiff's claims against Mr. Dann and the other directors of Maxtena, Inc. in this action will have been concluded against the plaintiff and will be barred by claim preclusion." (ECF No. 35, at 6). Furthermore, denying a certification of final judgment will save the appellate court the possibility of considering the issue of Dann's immunity a second time should Marks prevail in *Maxtena v. Marks*. (*Id.* at 6-7).

After assessing the relevant factors, certification is appropriate. Marks relies heavily on *VanBuren v. Virginia Highlands Orthopedic Spine Center, LLC*, 728 F.Supp.2d 791 (W.D.Va. 2010), to support his motion for certification. *Vanburen* involved a claim of state law wrongful discharge by plaintiff against her former employer and her former supervisor. The court held that under Virginia law, a supervisor could not be sued individually for wrongful discharge and dismissed the supervisor as a defendant. *Id.* at 793-99. The court granted plaintiff's motion for certification pursuant to Rule 54(b), finding that the wrongful discharge claims against employer and supervisor arise from the same facts and therefore, if plaintiff

is permitted to proceed against the supervisor, it is most efficient to try both claims in a single action. As to the second factor, the court wrote that "[a]s long as Plaintiff has a claim against [employer], she would have a claim against [supervisor] if Virginia common law allows one, because [supervisor] is the sole individual through which [employer] allegedly tortuously acted." *Id.* at 802. Additionally, there were no circumstances that would necessitate the appeals court considering the question of supervisor liability under Virginia law a second time. *Id.*

While the facts of *VanBuren* and the instant case are not identical, the principal circumstances are such that its reasoning is persuasive. All claims against Dann were dismissed because he was held to be immune under the MTCA. Whether Plaintiff pled facts sufficient to overcome a state employee's immunity under the MTCA is the only issue that would need to be considered by the appellate court. It does not appear that the MTCA issue would be duplicated in any potential subsequent appeals, supporting a finding that there is no reason to delay the appeal of Dann's dismissal from the action. Additionally, there is no counterclaim pending which could result in a set off to the judgment dismissing Dann. Finally, miscellaneous factors support certification. Per the parties' agreement, a stay will be entered in this case to await the resolution of *Maxtena v.*

*Marks*. This is not a situation where the case would have continued apace but for Plaintiff's appeal nor is there a trial date scheduled. Therefore, Marks's motion to certify this court's July 24, 2013 order as final will be granted as to those portions that dismiss Thomas Dann as a defendant and dismiss Counts II and III of the complaint.

## IV. Motion to Seal

After originally filing this action under seal (ECF No. 2), Marks took the unusual step of objecting to his own motion to seal (ECF No. 3). Maxtena has since filed a motion to seal parts of the record. (ECF No. 33). Maxtena does not oppose unsealing certain documents, but requests to seal in whole or in part some documents because they contain confidential, proprietary, or commercially sensitive information. As to those documents it wishes to seal in part, Maxtena submits proposed redacted forms to be docketed. (ECF Nos. 33-7 through 33-11). Maxtena seeks to redact select parts of: (1) Plaintiff's complaint (ECF No. 1); (2) Dann's memorandum in support of his motion to dismiss (ECF No. 21-1); (3) Dann's affidavit in support of his motion (ECF No. 21-2); (4) Plaintiff's opposition to Dann's motion (ECF No. 27); and (5) Dann's reply to Plaintiff's opposition (ECF No. 28). In addition, Maxtena seeks to keep under seal twenty-six of the thirty exhibits attached to Marks's response to Dann's motion to dismiss. (ECF Nos. 27-2

through 27-12, 27-14, 27-16 through 27-24, 27-26, 27-28 through 27-31).

The information Maxtena desires to redact or seal can be placed into one of three categories: (1) the day-to-day business of Maxtena (*e.g.* how many antennas produced; with whom it has business relationships); (2) valuations of Maxtena; and (3) the details of the MVF investment plan and employee stock option grant. Marks, in his opposition, largely does not object to redactions from the first category. He objects to information about Maxtena's value, arguing that "the details of this investment are of keen public interest, likely could be obtained through a FOIA request, and go to the heart of allegations with respect to the transaction. The public has a right to scrutinize what happened and evaluate itself the arguments advanced by Maxtena." (ECF No. 36, at 3). Marks advances similar arguments with respect to the terms of MVF's investment in Maxtena. (*See id.* at 4).

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents,'" *id.* at 575 (*quoting Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)),

although this presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access.'" *Id.* (*quoting Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–99 (1978). Under this common law balancing analysis, "[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford*, 846 F.2d at 253. "Ultimately, under the common law[,] the decision whether to grant or restrict access to judicial records or documents is a matter of a district court's 'supervisory power,' and it is one 'best left to the sound discretion of the [district] court.'" *Va. Dep't of State Police*, 386 F.3d at 575 (*quoting Nixon*, 435 U.S. at 598–99) (second alteration in original).

In addition to the public's common law right of access, the First Amendment provides a "more rigorous" right of access for certain "judicial records and documents." *Va. Dep't of State Police*, 386 F.3d at 576; *see also In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (explaining the "significant" distinction between the two rights of access). Where the First Amendment does apply, access may be denied "only on the basis of a compelling governmental interest, and only if

13

the denial is narrowly tailored to serve that interest." *Stone*, 855 F.2d at 180.

"For a right of access to a document to exist under either the First Amendment or the common law, the document must be a 'judicial record'" in the first instance. *In re Application*, 707 F.3d at 290. The Fourth Circuit recently held that judicially authored or created documents are "judicial records," as are documents filed with the court that "play a role in the adjudicative process, or adjudicate substantive rights." *Id.* (*citing Rushford*, 846 F.2d at 252; *In re Policy Mgt. Sys. Corp.*, 67 F.3d 296 (4th Cir. 1995) (unpublished table decision)). The public has a First Amendment right of access to materials properly submitted in conjunction with a dispositive motion such as a motion to dismiss. *Va. Dep't of State Police*, 386 F.3d at 578-79.

Thus, as a substantive matter, when a district court is presented with a request to seal certain documents, it must determine two things: (1) whether the documents in question are judicial records to which the common law presumption of access applies; and (2) whether the documents are also protected by the more rigorous First Amendment right of access. *In re Application*, 707 F.3d at 290; *see also Va. Dep't of State Police*, 386 F.3d at 576.

The sealing of any judicial records must also comport with certain procedural requirements. First, the non-moving party must be provided with notice of the request to seal and an opportunity to object. *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). This requirement may be satisfied by either notifying the persons present in the courtroom or by docketing the motion "reasonably in advance of deciding the issue." *Id. at* 234. In addition, "less drastic alternatives to sealing" must be considered. *Va. Dep't of State Police*, 386 F.3d at 576; *see also* Local Rule 105.11 (requiring any motion to seal to include both "proposed reasons supported by specific factual representations to justify the sealing" and "an explanation why alternatives to sealing would not provide sufficient protection"). Finally, if sealing is ordered, such an order must "state the reasons (and specific supporting findings)" for sealing and must explain why sealing is preferable over alternatives. *Va. Dep't of State Police*, 386 F.3d at 576.

Applying these principles here, it must first be determined whether the materials Maxtena seek to keep sealed are judicial records, as recently defined by the Fourth Circuit. Many of the exhibits deal with the valuation of Maxtena and the terms of MVF's investment and Maxtena's stock option grant. Such documents necessarily play a role in adjudicating the substantive rights of the parties to this dispute, as

illustrated by the parties' citations to many of these documents in briefing Dann's dispositive motion to dismiss. But in a motion to dismiss, mere citation to a document does not mean it is properly incorporated into the motion. Parties cannot ordinarily rely on documents outside the complaint unless explicitly relied on, and integral to, the complaint or incorporated by reference in the complaint. While Marks submitted many exhibits as part of his opposition to the motion to dismiss, not all of them were proper as they fell outside the complaint. The Memorandum Opinion dismissing Dann specifically relied on multiple emails included by Plaintiff in his opposition to the motion to dismiss along with a portion of Dann's deposition. (*See* ECF No. 29, at 30-31 (*citing* ECF Nos. 27-6 through 27-10); ECF No. 29, at 36-37 (*citing* ECF No. 27-12, at 209-211)). These were properly considered as they were explicitly relied upon in Plaintiff's complaint. (*See* ECF No. 29, at 26 n.7). These exhibits are "judicial records" as defined by the Fourth Circuit.

As these exhibits were properly part of a dispositive motion, they are subject to the more rigorous First Amendment right of access. *Va. Dep't of State Police*, 386 F.3d at 576. Accordingly, both the common law presumption of access and the First Amendment right of public access attach to those documents properly relied upon by the parties in their pleadings on Dann's

motion to dismiss. For those documents that Plaintiff improperly included as exhibits to its motion to dismiss, the more rigorous First Amendment standard does not apply, but Maxtena still must satisfy Local Rule 105.11, which applies to any party "seeking the sealing of pleadings, motions, exhibits or other papers to be filed in the Court record." It requires a party seeking to seal a document to file a motion including "(a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protections."

Turning first to the proposed redactions, based on an independent review, the court finds that under either the more rigorous First Amendment standard or the relaxed common law right of access embodied in Local Rule 105.11, Maxtena has demonstrated that the proposed redactions are justified. The information at issue contains confidential, proprietary, and commercially sensitive information. This information is non-public and goes to the valuation of Maxtena and its financial and investment situation. Release of this information would disadvantage Maxtena relative to its competitors and information of this nature has been previously found to warrant seal when part of a dispositive motion. *See Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004). Further, the proposed redactions are modest, leaving much of the briefings intact.

In terms of Maxtena's request to seal the exhibits Marks attached to his opposition to the motion to dismiss, they must be divided into two categories. First, those documents that were not relied upon in the July 24, 2013 Memorandum Opinion – either because they were not properly before the court on a motion to dismiss or were not relevant to the adjudication – are held to the less rigorous common law right of access standard.[3] Based on an independent review, they will remain under seal as they contain the confidential, proprietary, and commercially sensitive information that the Fourth Circuit previously found proper to seal. *See Pittston Co.*, 368 F.3d at 406. Additionally, a review of the exhibits indicates that the sensitive information pervades these documents and that there is no less restrictive alternative to sealing.

While Marks has objected to many of Maxtena's requests, his arguments are unavailing. The specific details about Maxtena's valuation and the arrangement with the MVF are not of sufficient public interest to overcome Maxtena's legitimate interest in keeping that confidential, proprietary, and commercially sensitive information private. Marks's claim that much of this information could "likely be obtained through a FOIA request" is belied by the fact that Maryland's public records law

---

[3] These documents are ECF Nos. 27-2 through 27-5, 27-10, 27-11, 27-14, 27-16 through 27-24, 27-26, and 27-28 through 27-31.

specifically exempts trade secrets, confidential commercial information, and confidential financial information from release. Md. Code Ann., State Gov't § 10-617(d). Thus, these documents will be sealed in full.

The second category are those exhibits that were properly included in the opposition to the motion to dismiss and were relied upon by the court in its Memorandum Opinion.[4] These documents are subject to more rigorous First Amendment standard which Maxtena has not satisfied. While it is acknowledged that each document contains the confidential, proprietary, and commercially sensitive information that may be appropriate for seal, the standard is higher when part of a dispositive motion which adjudicates one's substantive rights. Maxtena has made no effort to redact these documents in any way nor has it explained why these documents must be sealed in full. *Cf. Bureau of Nat. Affairs v. Chase*, No. ELH-11-1641, 2012 WL 3065352, at *2 (D.Md. July 25, 2012) ("a wholesale request for sealing the entirety of the summary judgment briefing and accompanying exhibits is overbroad and would infringe too extensively on the public right to access court records."). While many documents were sealed in full in *Maxtena v. Marks*, the parties were put on notice that that was "context-specific rather than content-specific," and

---

[4] This category includes ECF Nos. 27-6 through 27-9, and 27-12.

that to permit sealing an exhibit to a motion to compel "does not necessarily mean that sealing of the very same document used in a different context (*e.g.*, as an exhibit to a party's motion for summary judgment) will be justified." (DKC-11-945, ECF No. 164, at 8 n.5). The context is different now, as the exhibits are presently part of an adjudication of a dispositive motion. The interest in at least some public access is especially strong here, where the memorandum opinion relies on the emails and Dann's deposition in their full contexts - as opposed to Marks's select quotations - in finding that Marks had not sufficiently demonstrated that Dann acted with malice. (ECF No. 29, at 30-31, 36-37). The public normally has a right to examine these documents and draw conclusions as to the opinion's merits. In certain circumstances those documents can be provided in redacted form; in even rarer circumstances they can be completely sealed from public view. Maxtena has not made a sufficient demonstration as to why the documents must be sealed in their entirety because confidential information so pervades the exhibits that it overcomes the public's First Amendment right of access. Therefore, Maxtena will have fourteen (14) days to submit redacted copies of these exhibits with justifications for such redactions or explain why nothing less than sealing the documents in full is appropriate. All other

documents not discussed in this opinion will be ordered unsealed.

## V.    Conclusion

For the foregoing reasons, Plaintiff's motion to certify the court's July 24, 2013 Order as a final judgment pursuant to Rule 59(b) will be granted as to those portions that dismiss Thomas Dann as a defendant and dismiss Counts II and III of the complaint.  Defendant's motion to seal partially pleadings and exhibits will be granted in part and denied in part.  The parties' joint request to enter a stay will be granted.  A separate order will follow.


_____/s/_____
                    DEBORAH K. CHASANOW
                    United States District Judge